UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| (1) THE UNITED STATES OF AMERICA § <br> For the Use and Benefit of § <br> TTG ELECTRIC CO., INC. § <br> § <br> vs. § <br> § <br> (2) SOLIS CONSTRUCTORS, INC. and § <br> (3) TRAVELERS CASUALTY AND § <br> SURETY COMPANY OF AMERICA § | CIVIL ACTION NO. 5:19-CV-01032 |

**Complaint**

Plaintiff, The United States of America, for the use and benefit of TTG Electric Co., Inc. ("TTG"), for its complaint against the Defendants Solis Constructors, Inc. ("Solis") and Travelers Casualty and Surety Company of America ("Travelers"), states as follows:

### I.  Jurisdiction and Venue

1. Jurisdiction is conferred under 40 U.S.C. § 3131, as this is a civil action arising under the laws of the United States, commonly referred to as the Miller Act, 40 U.S.C. § 3131, et seq.

2. Venue is proper pursuant to 40 U.S.C. § 3133(b)(3)(B) because the Western District of Texas, San Antonio Division, is the federal district in which the contracts at issue in this case were to be performed.

3. Jurisdiction for additional actions contained within this pleading is conferred upon this Court under the doctrine of pendent jurisdiction and 28 U.S.C. § 1367(a) and pursuant thereto, TTG would show that, although its causes of action against Solis are separate and independent causes of action, they are based on substantially the same operative facts as TTG's

Miller Act claim. As a matter of convenience and fairness to the parties hereto, this Court should assume and exercise jurisdiction over all its claims asserted herein so that the whole case may be tried at one time.

## II. Parties

4. Plaintiff TTG is a corporation duly authorized and engaged in business under the laws of the State of Texas.

5. Defendant Solis is a corporation formed and existing under the laws of the State of Texas, where it can be served with process by serving its registered agent, J. Edward Lowenberg, at 9100 United Dr., Ste. 106, Austin, TX 78758-7716; or through any of its corporate officers.

6. Defendant Travelers is an insurance company licensed and authorized to act as surety or guarantor of bonds. Travelers may be served with process by serving its agent, Corporation Service Company, at 211 E 7th St., Ste 620, Austin, TX 78701-3218.

## III. Statement of Facts

7. This case arises from disputes in connection with the Unaccompanied Enlisted Personnel Housing construction project located at Fort Sam Houston, Texas, believed to be federal project/contract no. W9126G-14-D-0050-0004 ("Project").

8. The United States of America ("Owner") entered into a contract with Solis whereby Solis agreed to perform the general construction work for the Project.

9. Solis procured a payment bond in connection with the Project ("Bond") from Travelers.

10. Solis, in turn, entered into a subcontract with TTG. Pursuant to the subcontract, TTG furnished and installed demolition, sitework, utilities, and related labor and materials ("Labor and Materials") on the Project in exchange for payment to be made to TTG by Solis.

11. TTG fully performed, or in the alternative, substantially performed all of the work which is the subject of the subcontract between TTG and Solis through the time that Solis was terminated on the Project.

12. Despite TTG performing its obligations pursuant to the subcontract with Solis, Solis failed to make payment to TTG as agreed. As of the filing of this document, TTG has not been paid for the Labor and Materials provided to Solis in the principal amount of at least $25,319.80, exclusive of interest, costs, and fees.

### IV.    Claim against Solis and Travelers

13. The allegations stated above are incorporated herein as if set forth in their entirety.

**Count 1 – Miller Act Payment Bond Claim**

14. As the prime contractor on the Project, Solis procured a payment bond from Travelers wherein Solis, as principal, and Travelers, as surety, bound themselves jointly and severally for the protection of all persons supplying labor and material in the performance of the work on the Project.

15. TTG supplied its Labor and Materials as a first-tier subcontractor at the request of and by virtue of its agreement with Solis on the Project. After allowing appropriate credits and offsets, there remains unpaid to TTG the sum of at least $25,319.80, exclusive of interest, cost, and fees at the time of the institution of this suit for Labor and Materials it furnished as a first-tier subcontractor.

16. Solis and Travelers have failed and refused to pay TTG the sum of $25,319.80 before the expiration of a period of ninety (90) days after the day on which the last of the Labor and Materials were furnished or supplied by TTG, for which claim is hereby made.

17. This suit has been commenced within one (1) year from the date upon which the last of the Labor and Materials were supplied by TTG.

18. All of the Labor and Materials supplied by TTG on the Project to Solis were supplied within the Western District of Texas, San Antonio Division.

## V.     Claims against Solis

19. The allegations stated above are incorporated herein as if set forth in their entirety.

**Count 2 – Breach of Contract**

20. As stated above, Solis and TTG had an agreement for TTG to provide Labor and Materials on the Project in exchange for payment.

21. TTG furnished the Labor and Materials described in its invoices and diligently performed its obligations pursuant to its agreement with Solis. TTG's Labor and Materials conformed to the agreement of the parties.

22. Solis breached its contract with TTG by failure to pay TTG for the Labor and Materials it furnished.

23. TTG has suffered damages in the amount of at least $25,319.80 exclusive of interest, cost, and fees, for the Labor and Materials it furnished for Solis in connection with the Project.

24. In the alternative, TTG avers that it substantially completed all its work for Solis according to the agreement of the parties, until its performance was terminated or excused by

reason of Solis's breach of contract. The reasonable and necessary cost of remedying minor defects or corrections to TTG's work (if any actually exist) is less than $1,000.00.

**Count 3 – Quantum Meruit**

25. In the alternative, TTG would show that TTG's above-described Labor and Materials were furnished for the benefit of Solis, either at its specific direct request or with its knowledge and consent. Solis accepted and received said Labor and Materials with knowledge that TTG expected compensation from Solis therefor.

26. TTG's said Labor and Materials benefited Solis, and the reasonable value of the Labor and Materials furnished to Solis by TTG, which remain unpaid as of this date, is $25,319.80.

**Count 4 – Texas Trust Fund Claim**

27. On information and belief, Solis is the trustee of the funds received for the Labor and Materials furnished by TTG for the Project pursuant to Chapter 162.001, et seq., Texas Property Code.

28. TTG supplied Labor and Materials for the Project and is a beneficiary of any Trust Funds in the possession of Solis in connection with this Project. After allowing appropriate credit for all payments and offsets, TTG remains unpaid in the amount of $25,319.80, which it asserts as a Trust Fund Claim to the extent Solis has retained, used, disbursed, or otherwise diverted Trust Funds without first paying TTG.

29. TTG's claim pursuant to the Texas Trust Fund Act as stated above is asserted against Solis. If, through the course of discovery in this lawsuit, further evidence is obtained which gives rise to a claim(s) against individual(s) within Solis for diversion(s) of Trust Funds in

violation of the Texas Trust Fund Act, TTG will seek to amend this complaint to join individual defendants at that time.

**Count 5 – Attorneys' Fees**

30. TTG has agreed to pay the undersigned attorneys a reasonable and necessary fee for their services and therefore seeks to recover such amounts from Solis pursuant to Texas Civil Practice and Remedies Code 38.001, et seq., and any other applicable law, for the preparation and trial of this case in United States District Court, and additional amounts in the event of an appeal to the U. S. Circuit Court of Appeals and U. S. Supreme Court.

### Request for Relief

WHEREFORE, The United States of America, for the use and benefit of TTG Electric Co., Inc., prays for judgment against Defendants, jointly and severally, as set forth more specifically above, for damages in the principal amount of no less than $25,319.80, for pre- and post-judgment interest as allowed by law, together with attorneys' fees, costs, and expenses.

Respectfully submitted,

**GARDNER LAW**
745 East Mulberry Avenue, Suite 500
San Antonio, Texas 78212
(210) 733-8191 – Telephone
(210) 733-5538 – Facsimile

By:  /s/ Bethany F. Beck
Bethany F. Beck
State Bar No. 24068486
bbeck@gardnertx.com
Thomas J. Walthall, Jr.
State Bar No. 20821600
twalthall@gardnertx.com

**ATTORNEYS FOR TTG ELECTRIC CO., INC.**